

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/29/2009

| | | |
|---|---|---|
| IN RE: § | | |
| RICHARD TINDALL, § | Case No. 05-49642 | |
| Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| COMMISSION FOR LAWYER § | | |
| DISCIPLINE, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 08-03359 | |
| § | | |
| RICHARD TINDALL, § | | |
| Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION

In 2005, the Commission for Lawyer Discipline brought a disciplinary action against debtor Richard Tindall. On March 10, 2005, the Evidentiary Panel of the State Bar issued a judgment sanctioning Tindall. The sanctions included disbarment and assessment of attorneys' fees in the amount of $23,900.00 and costs in the amount of $3,607.76.

On October 13, 2005, Tindall filed a chapter 7 bankruptcy petition.[1] On September 29, 2008, the CLD filed an adversary proceeding objecting to the discharge of the State Bar judgment under 11 U.S.C. § 523(a)(7). The parties stipulated to the facts and filed cross motions for summary judgment on a single issue: whether the State Bar judgment constituted a non-dischargeable fine or penalty to a government unit under § 523(a)(7).

For the reasons set forth below, the Court finds that the judgment is non-dischargeable under § 523(a)(7).

---

[1] On April 25, 2006, the Court issued Tindall's bankruptcy discharge under 11 U.S.C. § 727. However, the general discharge issued pursuant to § 727 is subject to the exceptions to discharge provided by § 523.

1

### Jurisdiction

The Court has jurisdiction of this matter under 28 U.S.C. § 1334. This is a core matter under 28 U.S.C. § 157(b)(I). Venue is proper in this District pursuant to 28 U.S.C. §1409.

### Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination that is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Id.; see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims. 10A CHARLES ALAN

WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2727 (3d ed. 1998).  At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact.  *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005).  Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.  *See Condrey*, 431 F.3d at 19.

## 523(a)(7)

Section 523(a)(7) excepts from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss," other than certain tax penalties. 11 U.S.C. § 523(a)(7). Though some § 523(a) exceptions to discharge must be filed within 60 days of the first date set for a § 341(a) creditor's meeting, a complaint based on subsection (a)(7) can be filed at any time. Fed. R. Bankr. P. 4007(b)-(c); 11 U.S.C. § 523(c).

## Texas Rules of Disciplinary Procedure

Based on the plain language of the State Bar judgment, the plain language of the Texas Disciplinary Rules, and Supreme Court precedent, the Court finds that the State Bar judgment constitutes a non-dischargeable penalty payable to and for the benefit of a governmental unit.

The State Bar judgment states:

> All attorneys' fees and costs ordered herein are due to the misconduct of the attorney, assessed as a part of the sanction in accordance with Rule 1.06Y of the Texas Rules of Disciplinary Procedure, and intended by the parties to be non-dischargeable in bankruptcy.

The State Bar clearly intended the attorneys' fees and costs to constitute a penalty.

The Texas Disciplinary Rules authorize trial courts to issue discretionary rather than mandatory awards of attorneys' fees and costs based on penal goals of punishment, deterrence,

3

and protection of the public. Rule 3.10 authorizes the trial court to issue "sanctions." TEX. DISCIPLINARY R. OF PROF'L CONDUCT 3.10. Under Rule 1.06(Y)(a), "sanction" includes "payment of reasonable attorneys' fees and all direct expenses associated with the proceedings. Rule 3.10 leaves the issuance of sanctions to the trial court's discretion. Rule 3.10 provides that the court, "may, in its discretion, conduct a separate hearing and receive evidence as to the appropriate Sanctions to be imposed." No allegation has been made that the discretion granted by the Texas Disciplinary Rules is not utilized or that the existence of discretion is pre-textual.

Rule 3.10 lists twelve factors that the trial court should use when exercising its discretion. The factors include the nature and degree of the misconduct, the damage to clients and the legal profession, deterrence, and insulating the public from future misconduct. TEX. DISCIPLINARY R. OF PROF'L CONDUCT 3.10(A)–(L). The factors mimic factors considered in criminal matters when determining the appropriate punishment.

Accordingly, under Rule 3.10, a judgment for attorneys' fees and costs is not mandated and serves a penal purpose. The Court finds that the authorized "sanctions" constitute penalties.

The penalty is not imposed as "compensation for actual pecuniary loss." Section 81.076 of the Texas Government Code provides that "all necessary and actual expenses of the commission shall be provided for and paid out of the budget of the state bar." TEX. GOV'T CODE ANN. § 81.076 (Vernon 2005). Rule 4.08 also provides that "the State Bar shall allocate funds to pay all other reasonable and necessary expenses to administer the disciplinary and disability system effectively and efficiently." TEX. DISCIPLINARY R. OF PROF'L CONDUCT 4.08. The Commission for Lawyer Discipline is not dependent on attorneys' fees awards to perform its duties. Rather, based on the discretion invested with the trial court by Rule 3.10, the attorneys'

fees award is dependent on the nature of the attorney's misconduct and the need to protect the public. The award's purpose is penal.

The Commission for Lawyer Discipline is a "governmental unit." Both parties stipulated that the Commission "is a governmental unit vested by the Supreme Court of Texas with the regulatory power to enforce the professional disciplinary system for attorneys in the state of Texas . . ." Section 101(27) of the Bankruptcy Code defines "governmental unit" to include any "department, agency, or instrumentality" of a State. 11 U.S.C. § 101(27). Numerous courts have found that an agency of a State Bar is a "governmental unit" under § 523(a)(7). *In re Borowski*, 216 B.R. 922, 924 (Bankr. E.D. Mich. 1998); *Betts v. Attorney Registration and Disciplinary Comm'n*, 165 B.R. 870, 873 (N.D. Ill. 1994); *Fla. Bar v. Cillo (In re: Cillo)*, 159 B.R. 340, 342 (Bankr. M.D. Fla. 1993); *In re Williams*, 158 B.R. 488, 490 (Bankr. D. Idaho 1993); *In re Haberman*, 137 B.R. 292, 294 (Bankr. E.D. Wis. 1992).

The Court's finding that the State Bar judgment constitutes a non-compensatory penalty to a "governmental unit" is also consistent with the Supreme Court's *Kelly v. Robinson* opinion. 479 U.S. 36, 107 S.Ct. 353, 93 L. Ed. 2d 216 (1986). In *Kelly*, the Court considered whether a state ordered restitution payment was a non-dischargeable, non-compensatory penalty under § 523(a)(7). *Id*. The Court found that the restitution obligation was a non-dischargeable penalty under § 523(a)(7).

The Court based its decision largely on federalism principals. *Id*. at 43–44 ("we must consider the language of §§ 101 and 523 in light of the history of the bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems"). The Court noted that despite potentially inconsistent language in the Bankruptcy Code, the Court has refused to interpret the Code in a manner that allowed

5

debtors to discharge liabilities imposed by states as an exercise of the state's police and general welfare powers. *Id.* at 46–47. (citing cases holding that a debtor could not discharge state criminal penalties or state environmental obligations despite an absence of supporting language in the Bankruptcy Code). The Court reasoned that if § 523 was interpreted to allow the discharge of state restitution orders, state courts would lose their ability to tailor penalties "to further the rehabilitative and deterrent goals of state criminal justice systems" and would be inconsistent with federalism principals. *Id.* at 360–61.  The Court found that the restitution obligation implicated the state criminal justice system because under the state statute, restitution was discretionary and to be based on rehabilitative and deterrent goals. *Id*. *at* 362.

Numerous lower courts have relied on the *Kelly* opinion to find that State Bar judgments are non-dischargeable under § 523(a)(7). *In re Bertsche*, 261 B.R. 436, 437–38 (Bankr. S.D. Ohio 2000) (citing ten cases holding that costs of state bar proceedings are non-dischargeable).

Though the  State Bar judgment does not arise out of a criminal proceeding, *Kelly* was not based solely on avoiding interference with a state criminal justice system.  *Kelly* was based on federalism principals that federal courts should not lightly interfere with a state's execution of its general welfare powers, which go beyond enforcement of criminal laws.  The Texas State Bar's purpose of policing the legal profession also arises from the state's general welfare powers.  The State Bar proceeding, like a criminal proceeding, is a disciplinary proceeding ultimately designed to protect the public.  The Supreme Court has held that attorney discipline proceedings are "of a quasi-criminal nature." *In re Reuffalo*, 390 U.S. 544, 551, 88 S.Ct. 1222, 20 L. Ed. 2d. 117 (1968). The Texas Rules, like the state statute implicated in *Kelly*, also leaves imposition of the penalty to the trial court's discretionary so that the trial court can tailor a remedy that most appropriately serves the penal goals of deterrence and rehabilitation.

The Ninth Circuit has held that a State Bar attorneys' fees and costs award is not subject to § 523(a)(7)'s discharge exception. *State Bar of Cal. v. Taggart (In re Taggart)*, 249 F.3d 987 (9th Cir. 2000).  However, the Ninth Circuit decision was based on the California disciplinary code which contained provisions materially different from those in the Texas Code. *Id*. The Ninth Circuit noted two salient features of the California code that made attorneys' fees and costs awards compensatory rather than penal: (1) the code contained a separate provision authorizing monetary "sanctions" independent of the provision authorizing awards of fees and costs; and (2) the code made attorneys' fees and costs awards mandatory rather than discretionary. *Id*. at 991–92. Neither of these features are present in the Texas Code.  The Texas Code does not contain a section authorizing a monetary sanction independent of an attorneys' fees and costs sanction.  The Texas provision also does not require an attorneys' fees and cost sanction, but leaves it to the trial court's discretion.[2]

## Conclusion

For the reasons set forth above, the Court finds that the Commission for Lawyer Discipline's judgment is non-dischargeable under § 523(a)(7).  A separate judgment will be issued.

SIGNED **April 29, 2009.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[2] The Ninth Circuit Bankruptcy Appellate Panel recently reconsidered *In re Taggart* in light of legislative amendments to the California Code.  The amendments including language that explicitly described the attorneys' fees and cost section as penal rather than compensatory. *Findley v. State Bar of Cal. (In re Findley)*, 387 B.R. 260 (B.A.P. 9th Cir. 2008).  The Panel held that the changed language did not affect the actual compensatory purpose of the provision.  Accordingly, the Panel did not read the amended language as overturning the *Taggart* decision. *Id*.  The amendments did not remove the section that authorized monetary sanctions in addition to attorneys' fees and costs or make attorneys' fees and costs awards discretionary rather than mandatory.